UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
JAN 2 4 2008
CLERK'S OFFICE
DETROIT

CAMERON LEE FITTS,

       Plaintiff,               CIVIL ACTION NO. 05-73112

       v.                    DISTRICT JUDGE PAUL D. BORMAN

SHERRY BURT, KENNETH       MAGISTRATE JUDGE VIRGINIA M. MORGAN
MACEACHERN, JOHN OCWEIJA,
CAROL VALLIE, RICHARD CADY,
HEATHER CARTER, TOM MCFARLAND,
STEVE KAHLER, DEPUTY WARDEN
PALMER, CORRECTIONAL MEDICAL
SERVICES INC., CRAIG HUTCHINSON,
THOMAS BIRKETT, BARBARA MEAGHER,
PATRICIA L. CARUSO, GERALD HOFBAUER,
ROBERT NAPEL, JAMES TRETHEWAY,
KATHERINE AALTO, JAMES ALEXANDER,
DENNIS GRIM, PHIL JOHNS, and
JAMES MACMEEKIN,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

### I. Introduction

    The matter comes before the court of defendants Correctional Medical Services, Inc.

("CMS"), and Craig Hutchinson's motion for summary judgment[1] (D/E # 70). For the reasons

---

[1] On July 20, 2007, defendants Aalto, Alexander, Johns, Hofbauer, Napel, Burt, Ocweija, Vallie, Cady, Carter, McFarland, Kahler, Birkett, Meagher, Caruso, MacEachern, and MacMeekin filed a concurrence for CMS and Hutchinson's argument that is improperly proceeding *in forma pauperis* (D/E # 73). For the reasons discussed below, this Court does not recommend that the District Judge accept that argument.

stated below, the court recommends that defendants' motion be **GRANTED** and that CMS and Hutchinson be granted summary judgment.

## II. Background

Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC"). He filed suit pursuant to 42 U.S.C. § 1983 against MDOC Director Patricia Caruso, CMS, and twenty other MDOC and CMS officials, alleging that they were deliberately indifferent to his medical needs, that his personal property was taken in retaliation for his filing of various complaints and grievances, that defendants violated his right to equal protection of the law, that he was subjected to cruel and unusual punishment, and that various other constitutional wrongs were visited upon him (D/E # 1).

Plaintiff failed to list his claims in separate counts and, instead, made numerous allegations over nine different paragraphs. With regard to the defendants who made this motion, plaintiff only made allegations in two paragraphs of his complaint. In paragraph two, plaintiff alleged that, on November 22, 2004, Hutchinson, CMS, and Caruso denied plaintiff Hepatitis C treatment because of a lack of funds. According to plaintiff, "Defendant" also refused a referral to a specialist at DWH for liver disease Hepatitis C and defendants had a meeting of the mind and refused to give plaintiff needed medications and diet.

In paragraph three, plaintiff alleged that, on November 22, 2004, Hutchinson denied surgery on plaintiff's left ankle, which was broken in three different places, even though surgery was recommended by orthopedic specialist Dr. Richard Granholm. According to plaintiff, that

denial constituted deliberate indifference to plaintiff's serious medical needs as plaintiff has been in pain and is suffering.

On April 27, 2006, this Court issued an report and recommendation finding that plaintiff's complaint should be dismissed for a failure to establish the exhaustion of administrative remedies (D/E # 52). On June 26, 2006, United States District Court Judge Paul D. Borman issued an order adopting this Court's report and recommendation (D/E # 57). Judge Borman also issued judgment in favor of defendants (D/E # 58). Plaintiff appealed the judgment against him and, on April 23, 2007, the Sixth Circuit vacated the judgment and remanded this case for further proceedings consistent with Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (D/E # 63).

On June 29, 2007, Hutchinson and CMS filed the pending motion for summary judgment (D/E # 70). In that motion, defendants contend that plaintiff's claims are outside the applicable statute of limitations, plaintiff has failed to demonstrate that he fully exhausted his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a), plaintiff is improperly proceeding *in forma pauperis*, and plaintiff has failed to state a claim upon which relief can be granted.

On July 23, 2007, plaintiff filed a response to defendants' motion for summary judgment (D/E # 75). In that response, plaintiff argues that the applicable statute of limitations had not expired because plaintiff's claims arose in 2004. Plaintiff also argued that defendants' argument regarding the exhaustion of administrative remedies is based on current MDOC policy, and not the policy in effect at the time plaintiff's rights were violated. Plaintiff further argued that, as

-3-

recently found by the United States District Court for the Western District of Michigan, he does not have three strikes against him with respect to his *in forma pauperis* status. Lastly, plaintiff, after noting that he is an indigent *pro se* plaintiff with mental health problems, argued that he has stated a claim upon which relief can be granted against both Hutchinson and CMS.

On August 8, 2007, defendants' filed a reply to plaintiff's response (D/E # 76). In that reply, defendants merely reiterated their earlier arguments.

### III. Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S.

at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

### A. Statute of Limitations

In Wilson v. Garcia, 471 U.S. 261, 266, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), the Supreme Court held that, because 42 U.S.C. § 1983 contains no statute of limitations, a federal court considering an action brought under that statute must borrow the state statute of limitations that is "most analogous" to apply to the § 1983 claim. Wilson, 471 U.S. at 275. The Court then concluded that the most analogous cause of action under state law to § 1983 is a tort action for personal injuries. Wilson, 471 U.S. at 279. Thus, federal courts must apply the state statute of limitations for personal injury claims in all § 1983 cases. In Michigan, the general statute of limitations for personal injury actions is three years. See Mich. Comp. Laws Ann. § 600.5851.

Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1107 (6th Cir. 1995); Sevier v. Turner, 742 F.2d 262,

272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991); Sevier, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Sevier, 742 F.2d at 273.

Michigan law did at one time did toll the limitations period during a person's incarceration, but in 1994 the Michigan legislature amended the tolling statute to remove imprisonment as a disability tolling the statute of limitations. See 1993 Mich. Pub. Acts 78 (effective Apr. 1, 1994); see also, Wallace v. Engler, No. 95-40273, 1997 WL 111777, *6 (E.D. Mich. January 28, 1997). However, the statute of limitations would have been tolled while plaintiff was exhausting his administrative remedies. Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000), citing Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam).

In this case, defendants argue that, because plaintiff's complaint was filed on August 12, 2005, plaintiff's claim with respect to his ankle injury and any claims regarding treatment for Hepatitis should be extinguished if the claims arose prior to August 12, 2002. However, plaintiff clearly names November 22, 2004 as the date Hutchinson and CMS denied plaintiff Hepatitis C treatment and the date Hutchinson denied surgery on plaintiff's ankle. Given those specific allegations, it is clear that, regardless of when plaintiff developed Hepatitis C or hurt his ankle, the alleged deliberate indifference did not occur until defendants denied treatment on November 22, 2004. Plaintiff's claims therefore arose well within the statute of limitations and defendants' motion for summary judgment on that basis should be denied.

## B. Exhaustion of Remedies

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Supreme Court defines proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 126 S.Ct. at 2385, quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Defendants argue that plaintiff failed to properly exhaust his administrative remedies in this case because none of plaintiff's grievances were filed within five days of November 22, 2002 and because plaintiff failed to name Hutchinson or CMS in a grievance as required. In support of that argument, defendants provided MDOC Policy Directive 03.02.130 regarding grievances

(attached as Exhibit N to defendants' motion). That policy directive, which had an effective date of December 19, 2003, does provide that grievances must be filed within five business days after attempting to resolve the grievable issue with staff (Exhibit N of defendants' motion, ¶ X) and that dates, times places, and names of those involved are to be included in the grievance (Exhibit N of defendants' motion, ¶ T). In response, plaintiff argues that the grievance policy directive provided by plaintiff, requiring that he name Hutchinson and CMS in a grievance, was not in effect at the time his constitutional rights were violated. Plaintiff also cites to language in <u>Jones</u> stating that the earlier MDOC policy had no such requirement. <u>Jones</u>, 127 S.Ct. at 922-923.

In this case, defendants are not entitled to summary judgment on the basis that plaintiff failed to properly exhaust his administrative remedies. Plaintiff correctly notes that defendants rely on a MDOC policy directive that only became effective after the alleged constitutional violations in this case. In any event, while plaintiff fails to note it in his response to defendants' motion, plaintiff did file a grievance with respect to his claims against Hutchinson and CMS arising on November 22, 2004 (Grievance MBP 0411269412D3, attached as part of Exhibit B to plaintiff's response to defendants' motion for summary judgment)[2], and that grievance was decided on its merits. Given that plaintiff's grievance was addressed on its merits, it should be deemed properly exhausted. <u>See Jones</u>, 127 S.Ct. at 923 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to

_____

[2]Given that plaintiff provided over one hundred pages of documents relating to grievances he filed, the pages relating to grievance MBP 0411269412D3 are attached as an appendix to this Report and Recommendation.

claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

## C. Three Strikes

Defendants argue that they are entitled to summary judgment because plaintiff was improperly granted *in forma pauperis* status. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, a prisoner is precluded from proceeding with *in forma pauperis* status in a civil case if the prisoner has, on three or more prior occasions, while incarcerated or detained at any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This prohibition is commonly referred to as the three-strikes rule. An exception to the three-strikes rule exists where the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Further, the rule does not serve as a complete bar to prisoners filing lawsuits; rather, if a prisoner with three strikes wishes to file a suit or appeal, he must now do so at his own expense. Jones Bey v. Johnson, 407 F.3d 801, 809 n. 8 (6th Cir.2005).

In this case, defendants cite to, and provide as exhibits, seven cases that defendants believe function as strikes against plaintiff under § 1915(g). Two of those cases were dismissed

because plaintiff failed to state a claim upon which relief can be granted, and those two cases clearly count as strikes under the plain language of § 1915(g). However, the other five cases defendant relies on were dismissed for a lack of jurisdiction and, as recently pointed out by the Sixth Circuit in another case involving plaintiff and this very issue, the Sixth Circuit "has never held that cases dismissed for lack of jurisdiction constitute a strike under § 1915." Fitts v. Sicker, 232 Fed. Appx. 436, 440 (6th Cir. 2007). While that case is unpublished, and there seem to be no Sixth Circuit cases on point, the finding that a dismissal for lack of jurisdiction does not count as a strike comports with the language of § 1915, which only mentions actions dismissed on the grounds that they were "frivolous, malicious, or failed to state a claim upon which relief may be granted." Moreover, the fact that the Sixth Circuit expressly found that the plaintiff in this case only has two strikes supports plaintiff's position. Consequently, defendants are not entitled to summary judgment on this issue.

### D. § 1983 Deliberate Indifference Claims

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To succeed on a claim of deliberate indifference, plaintiff must satisfy two elements, an objective one and a subjective one. Wilson, 501 U.S. at 300. The objective element is satisfied by a showing that plaintiff had a serious medical need. Wilson, 501

U.S. at 297. "'Where the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person,' this obviousness is itself sufficient to satisfy the objective component of the adequate medical care test." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005), quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004). However if the need involves minor needs or non-obvious complaints of a serious need for medical care, the plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" Johnson, 398 F.3d at 874, quoting Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001). To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). Moreover, where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments, Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976), and deliberate indifference does not include negligence in diagnosing a medical condition. Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995) (citations omitted). However, it is not necessary for a plaintiff to "show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835. Put simply, "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835.

**1. Claims against Hutchinson**

Plaintiff has failed to demonstrate that a genuine issue of material fact exists with respect to his claims against Hutchinson. As discussed above, plaintiff alleges that Hutchinson denied medical treatment with respect to plaintiff's injured ankle and the liver disease Hepatitis C. Regarding plaintiff's ankle, Hutchinson provided medical records showing that plaintiff was provided an ankle brace (Exhibit A to CMS and Hutchinson's Motion for Summary Judgment, pp. 248, 378) and that plaintiff himself confirmed that the ankle brace was working out well on May 2, 2003, and December 7, 2004, with that latter date being less than a month after Hutchinson was allegedly deliberately indifferent to plaintiff's serious medical needs by denying ankle surgery (Exhibit A to CMS and Hutchinson's Motion for Summary Judgment, pp. 245, 1664). Moreover, in Hutchinson's medical judgment, the benefit of surgery on plaintiff's ankle would be dubious (Exhibit A to CMS and Hutchinson's Motion for Summary Judgment, p. 1121). Regarding plaintiff's liver, Hutchinson provided evidence of treatment both before and after the alleged denial of treatment on November 22, 2004; a liver biopsy on June 12, 2003 (Exhibit A to CMS and Hutchinson's Motion for Summary Judgment, pp. 1118, 1419) and a consultation November 18, 2005 (Exhibit A to CMS and Hutchinson's Motion for Summary Judgment, pp. 1121, 1419).

In response to defendants' motion for summary judgment, plaintiff merely asserts that the "affidavits which the defendants submitted and the documentary evidence as well as the allegations submitted by plaintiff are squarely contradictory. As to whether or not prison or governmental officials generally can be held to have violated the Eighth Amendment is in fact a

genuine issue of fact." As noted above, however, plaintiff cannot merely rest upon the allegations contained in his pleadings and he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). In this case, plaintiff has submitted no evidence and he has failed to demonstrate that a genuine issue of material fact exists with respect to his claims against Hutchinson. Given plaintiff's failure to meet his burden, Hutchinson is entitled to summary judgment.

### 2. Claims against CMS

A government contractor, like CMS, cannot be held liable on a respondeat superior theory. Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005); Street v. Corr. Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996). A private contractor is, however, liable for constitutional violations caused by a policy or custom of that private contractor. Johnson, 398 F.3d at 877; Street, 102 F.3d at 817; Hicks v. Frey, 992 F.2d 1450, 1458 (6th Cir. 1993). In this case, plaintiff fails to identify any specific policy or custom of CMS and, instead, merely makes some unclear references to CMS' policies and customs. By doing so, plaintiff has failed to introduce sufficient evidence, or any evidence for that matter, demonstrating a genuine issue of material fact as to whether his injury was the result of an actual policy or custom of CMS and, therefore, CMS is entitled to summary judgment.

Plaintiff argues that his claims against CMS should not be dismissed because he did not "recite the magical formula and name a policy, practice or procedure which violated his constitutional rights." Plaintiff also notes that he is indigent, proceeding *pro se* and has mental

health problems. Nevertheless, plaintiff alleged that CMS denied him medical treatment either via a respondeat theory of liability or a liability based on CMS' policies or customs. Under either theory however, plaintiff completely failed to demonstrate that a genuine issue of material fact exists and CMS is entitled to summary judgment.

## V. Conclusion

For the reasons discussed above, the court recommends that defendants' motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

Dated: 1/24/08

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

# Step III Grievance Response

**CAMERON FITTS**  D≤|| 198867
MBP     04112694

The Step I and II responses are affirmed.  Grievance denied.

Prepared by: N. Martin                          Date:     3/21/2005

Approved: _____              Date: 3/24/05

Step III ID:  160614

C:.     Warden

Regional Health Care Administrator          I
Grievant

Michigan Department of Corrections.    January 7, 2005    MBP-04-11-2694-12D3

Grievance Step II Response

Fitts, #198867

Investigation reveals the grievant is currently scheduled for a telemedicine appointment with Dr. Hutchinson on January 14, 2005. The grievant will continue to be followed by the medical service provider in the chronic care clinic at MBP and as needed.

Michelle Horton, RN          *Michelle Horton, RN* ᴴ          January 7, 2005
Respondent's Name            Respondent's Signature          Date

4835-4248 12/97
CSJ-247 B

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator
at Step II: _6-11-04_     Grievance Identifier |   |   | MSP 04 05 1213 220A |   |   |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step
II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ___Step II___
___MSP___ by ___6/18/04___. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

STEP II—Reason for Appeal _This is a Denial of Due process: Equal_
_protection of law and false misconduct reporting to the_
_(RPA) I was made mellow because I do not show any_
_serious assaults on staff only (3)-(035) 11/16/97 which_
_see Directors mandate P.D.O3.03.10 and 1997 policies were only_
_assault 1 Battery on Staff, do but I need (RPA) approval_
_of directors mandate P.O.4.16.140 of 1997 my release to General_
_Population only by the (S.C.C.) it shall show I refuse_

STEP II—Response  Your concern regarding your placement and continuance
in administrative segregation has been reviewed. As indicated by the
Step I respondent, due to the nature of your segregation placement
CFA approval is required in order for your reclassification to general population to be
considered. You are advised to continue positive adjustment, remain misconduct free to better
your chances in the future of possible reclassification action. No violation of policy is
noted. Your appeal is denied.

Date Received by
Step II Respondent:
_6-0-04_

Respondent's Name (Print) _Larry McFeeser, Warden_     Respondent's Signature _____     Date _____

Date Returned to
Grievant:
_6-25-04_

STEP III—Reason for Appeal _This is a violation of my due process_
_Equal protection of laws such const. amend. 14.3, pt_
_sec. 18 : U.S. Const Amend. 4,14, this grievance filed on me in_
_unconstitutional does not have any serious assaults on staff and_
_therefore do not need (RPA) procedures are meaningless or appeal_

NOTE: Only a copy of this appeal and the response will be returned to you. _under seal will_

STEP III—Director's Response is attached as a separate sheet. _released on 8/10/04 to MSP_

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I _____ 4-26 _____     Grievance Identifier: _____

Be brief and concise describing your grievance issue. If you have any questions concerning the grievance step procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison law library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Cameron Lee Fetter | 198868 | RP | F-43 | 11/23/04 | 11/28/04 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. _____

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

_____

                                                    _____
                                                    Grievant's Signature

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)
Dr. Hutchinson canceled the last telemedicine consultation and has requested additional information related to grievant's case. We are awaiting the telemedicine scheduler to contact us with rescheduled consultation date. The issue of ankle surgery has been addressed and will not be done at this time. Grievant will have his consultation as soon as Dr. Hutchinson is available.

| Respondent's Signature | 12/16/04 | Reviewer's Signature | 12/9/04 |
|---|---|---|---|
| | Date | | Date |
| Respondent's Name (Print) Janet Linsell | | Reviewer's Name (Print) Marie Warelun | |
| Working Title RN G | | Working Title RN 3 | |

| Date Returned to Grievant 12-16 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

RECEIVED
JAN 3 1 2005

Date Received by Grievance Coordinator
at Step II: _1-4-05CR_          Grievance Identifier: |__ __ __ __|MBP|04|11|2694|12D3| | | | |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____ Step II
~~BROOKS CENTER~~    01/04/05    is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

D1-03

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| FITTS | 198867 | MBP | F=8 | 11/22/04 | 1/3/05 |

STEP II—Reason for Appeal _This Step to appeal is for Dr. W. Borgerding, D.O. medical officer: The step I grievance or Dr. Hutchison was not Responded or reviewed (correct and false misleading information), and the date grievance needs to be addressed by Dr. Borgerding because (CMS) is cost cutting and trying to kill me, this is a serious denial of medical treatment, violation of the 8th Amend. U.S. Const to pro long my life as well as pain and suffering._

STEP II—Response _Suffering._

| Date Received by Step II Respondent: |
|---|
| 1-7-05 |

See Attached

| _Michelle Hortonk_ | _Michelle Hortonk_ | _4/7/05_ | Date Returned to Grievant: 1-18-05 |
|---|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date | |

STEP III—Reason for Appeal _They are trying to kill me I need to be seen by the step I officials, I did not see Dr. Hutchison on 1/14/05 I need to be transferred to jackson (SWH)-(JmF) for consult I wish is W.J. Dalton here and also C. Money Care, or Can't go to Stordish because I have spoons, can't go to JS-mod because slim or out —_

**NOTE:** Only a copy of this appeal and the response will be returned to you.

STEP III—Director's Response is attached as a separate sheet. _because slim or out —_

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 7th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.
_patient mental Health._

**DISTRIBUTION:** White—Central Office; Green - Canary – Step III; Pink—Step II; Goldenrod—Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

4835-4248  12/97
CSJ-247 B

Date Received by Grievance Coordinator
at Step II: _____        Grievance Identifier | | | | | | | | | | | | | |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____ Step II
_____ by _____ at _____. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| | | | | | |

**STEP II—Reason for Appeal**

**STEP II—Response** _____

                                                    Date Received by
                                                    Step II Respondent
                                                    1·7·05

See Attached

| Respondent's Name (Print) | Respondent's Signature | Date | Date Returned to Grievant: 1·11·05 |

**STEP III—Reason for Appeal**

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III—Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.