# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CAMERON LEE FITTS,

      Plaintiff,                 CASE NO. 05-CV-73112

-vs-                           PAUL D. BORMAN
                               UNITED STATES DISTRICT JUDGE

S.L. BURT, et al.,

      Defendants.

_____/

## OPINION AND ORDER:
### (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF GRANTING SUMMARY JUDGMENT AS TO DEFENDANTS HUTCHINSON AND CMS (Dkt. No. 81);
### (2) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEVER, DISMISS AND FOR SUMMARY JUDGMENT (Dkt. No. 82); AND
### (3) DENYING AS MOOT PLAINTIFF'S MULTIPLE MOTIONS FOR ENLARGEMENT OF TIME AND DENYING APPOINTMENT OF COUNSEL (Dkt Nos. 86, 88, 91 & 92)

Before the Court is Plaintiff Cameron Fitts' Objections to the Magistrate Judge Virginia M. Morgan's January 24, 2008 Report and Recommendation in favor of granting Summary Judgment in favor of Craig Hutchinson and Correctional Medical Services, Inc. ("CMS"). (Doc. No. 87). Also before the Court is Plaintiff's Objections and Defendants Meagher, Burt, Ocweija, Cady, Vallie and Carter's Objections to Magistrate Judge Morgan's January 24, 2008 Report and Recommendation in favor of: (1) severing Defendants MacEachern, Tretheway, Grim, Napel, MacMeekin, Johns, Hofbauer, Aalto, from the instant action and transferring the claims against those Defendants to the United States District Court of the Western District of Michigan; and (2)

granting in part and denying in part Defendants' Motion to Dismiss/Motion for Summary Judgment such that:

> (A) summary judgment is granted as to Defendants Caruso, McFarland, Palmer, and Kahler and those Defendants are dismissed from the action;
>
> (B) summary judgment is granted as to the deliberate indifference claim against Defendant Birkett;
>
> (c) allowing the deliberate indifference claim against Defendants Burt, Ocweija, Valley, Cady and Carter to proceed;
>
> (D) allowing the First Amendment claim against Defendants Birkett and Meagher to proceed; and
>
> (E) allowing the deliberate indifference claim against Defendant Meagher to proceed.

(Doc. Nos. 93 & 85). The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

## I.  BACKGROUND

The Court finds the Magistrate Judge has accurately and succinctly set forth the complicated background of this action and therefore the Court shall adopt by reference those portions of the Report and Recommendations here. (*See* Report Dkt. No. 81, 2-5; Report Dkt. No. 82, 2-6).

## II.  ANALYSIS

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on

which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

**B.     Report and Recommendation in Favor of Granting Defendants CMS and Hutchinson's Motion for Summary Judgment (Dkt. No. 81)**

Plaintiff objects to the Magistrate Judge's Report and Recommendation in favor of granting summary judgment as to Defendants CMS and Hutchinson. On June 29, 2007, Defendants CMS and Hutchinson filed a Motion for Summary Judgment and contended that the Plaintiff's claims should be dismissed because those claims were outside the statute of limitations; Plaintiff failed to exhaust his administrative remedies; Plaintiff has three strikes against him and is not a proper *in forma pauperis* status; and Plaintiff failed to state an issue of deliberate indifference against either Defendant.

The Magistrate Judge found that Plaintiff's claims arose well within the statute of limitations and summary judgment on that basis should be denied. The Magistrate Judge also held that Plaintiff properly exhausted his administrative remedies and Plaintiff only had two strikes against him under § 1915(g), therefore, summary judgment on those bases should be denied. Finally, the Magistrate Judge examined Plaintiff's claim of deliberate indifference against Defendant Hutchinson and CMA, and found Plaintiff had failed to show a material issue of fact exists regarding his claims of deliberate indifference.

**1.     Hepatitis C**

Plaintiff contends that the Magistrate Judge erred in finding he had failed to set forth a genuine issue of material fact as to whether Defendant Hutchinson was deliberately indifferent as to his Hepatitis C. Plaintiff asserts that he "has met his burden of proving the allegations to the extent that is possible." (Plf. Br. at 3).

To succeed on a claim of deliberate indifference, Plaintiff must satisfy both an objective and a subjective element. *Blackmore v. Kalamazoo County*, 390 V.3d 890, 895 (6th Cir. 2004). The objective element is satisfied if Plaintiff can show he had a "sufficiently serious" medical need. *Id.* "The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." *Id.* (internal quotation omitted). The Sixth Circuit has recognized that "where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." *Westlake v. Lucas*, 537 F.3d 857, 860 n.5 (6th Cir. 1976).

The Court finds that Plaintiff's objection is without merit. The Magistrate Judge properly found that Plaintiff had failed to show any evidence of deliberate indifference as to Defendant Hutchinson's treatment of his Hepatitis C, where there was uncontradicted evidence that Defendant Hutchinson provided treatment both before and after the alleged denial of treatment on November 22, 2004: a liver biopsy on June 2, 2003 and a consultation on November 18, 2005. (*See* CMS and Hutchinson's Motion for Summary Judgment, Ex. A, Excerpts of Medical Records at 1118, 1121, & 1419). Therefore, Plaintiff appears to allege that his treatment was unsatisfactory and he disagreed with Defendant Hutchinson's course of treatment. These facts do not meet the standard of deliberate indifference, where Plaintiff has failed to show that Defendant Hutchinson specifically denied him any treatment, or knew of and disregarded any risk to Plaintiff's health.

Further, to the extent Plaintiff argues that the Court should liberally construe the application of summary judgment because he is incarcerated, and therefore, he cannot be held to produce evidence which would support his claims; this claim is without merit. The Sixth Circuit has found that,

> while there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftsmanship . . . . there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law.

*Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983) (internal citation omitted) (emphasis in original). In the instant case, Plaintiff has failed to set forth a material issue of genuine fact as to his claim of deliberate indifference as to Defendant Hutchinson's treatment of his Hepatitis C, therefore, his Objection is denied.

### 2.  Ankle Injury

Plaintiff also argues that the Magistrate Judge erred in finding he failed to state a claim of deliberate indifference as to Defendant Hutchinson regarding his treatment of Plaintiff's broken ankle. Plaintiff contends the Magistrate Judge mistakenly relied upon a medical report which indicated that Plaintiff himself had confirmed that an ankle brace provided by Defendant Hutchinson was "working out well." Plaintiff argues that the ankle brace was only given to him to assist him in walking and was not meant to "ease pain and suffering and neither was it intended to be a permanent solution." (Plf. Br. at 4). Further, Plaintiff asserts that the fact Defendant Hutchinson determined that the benefits of surgery on Plaintiff's ankle were "dubious" does not negate his claim of deliberate indifference for the time period between when Plaintiff broke his ankle and when Defendant Hutchinson made that determination. (*Id*. 4-5).

The Court finds Plaintiff's Objection is baseless. The Magistrate Judge properly relied upon evidence that Plaintiff received treatment (an ankle brace) after his injury and he confirmed that the treatment was "working well." (Ex. A at 248, 378). Indeed, Plaintiff found that the brace was working well less than one month after Plaintiff alleges Defendant Hutchinson was deliberately indifferent to his medical needs by denying him ankle surgery. Further, Defendant Hutchinson determined in his medical opinion that ankle surgery would have "dubious" benefits. (Ex. A at 1121). Plaintiff has set forth no contradictory evidence and merely relied upon his pleadings which disagree with Defendant Hutchinson's medical opinion. Given the uncontradicted record showing some treatment and Plaintiff's own confirmation that the treatment was working; Plaintiff has failed to show a genuine issue of material fact as to a denial or delay of medical care and therefore, his claim deliberate indifference for the ankle injury is denied.

### C.      Report and Recommendation (Dkt. No. 82)

Both Plaintiff and Defendants object to portions of the Magistrate Judge's Report and Recommendation in favor of granting in part and denying in part Defendants' Motion to Sever, Dismiss, and for Summary Judgment.

On July 20, 2007, Defendants Aalto, Alexander, Johns, Hobauer, Napel, Burt, Ocweija, Vallie, Cady, Carter, McFarland, Kahler, Palmer, Kirkett, Meagher, Caruso, Machern, and MacMeekin filed a Motion to Sever, Dismiss and for Summary Judgment. (Dkt. No. 74). Defendants contended: (1) certain Defendants should be severed from the instant action and those claims transferred to the United States District Court for the Western District of Michigan; (2) Plaintiff failed to exhaust his administrative remedies as to certain claims; (3) Defendant Caruso did not have any personal involvement in the action making up the basis of the Complaint; (4) Plaintiff

failed to demonstrate all the require elements of his deliberate indifference and First Amendment claims against Defendants Caruso and Birkett; and (5) Plaintiff's retaliation claim is barred by the statute of limitations.

The Magistrate Judge found that certain Defendants were entitled to be severed from the action and the claims against them transferred to the Western District. The Magistrate Judge also found Plaintiff's claims against certain Defendants should go forward because a genuine issue of material fact existed as to whether Defendants' misconduct was responsible for Plaintiff's failure to exhaust his remedies. The Magistrate Judge went on to find that Plaintiff had failed to state a claim of deliberate indifference or illegal administrative segregation against Defendant Caruso; dismissed the deliberate indifference claim as to Defendant Birkett (but not as to Defendant Meagher); allowed the First Amendment claim against Defendant Birkett and Meagher to proceed, and dismissed Plaintiff's retaliation claim as falling outside the applicable statute of limitations.

### 1. Defendants' Objections

#### a. Administrative Remedies

Defendants Burt, Ocweija, Vallie, Cady, and Carter object to the Magistrate Judge's finding that there exists a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies on his segregation claim at Southern Michigan. Defendants argue that the Magistrate Judge misconstrued their argument as contending Plaintiff failed to properly exhaust his remedies, rather Defendants clarify that their argument is that Plaintiff filed *no* grievances against these Defendants during the time period alleged in the Complaint, including any Step III grievances. Defendants further contend that the Magistrate Judge erred in finding certain evidence persuasive to Plaintiff's claim that prison staff stole the Step III grievances he filed against these Defendants.

Also, Defendants claim that Plaintiff's allegation that his grievances against these Defendants were stolen by staff at a prison location where Defendants were not employed (Ionia Maximum Correctional Facility) is unpersuasive.

The Court finds Defendants arguments are without merit. As the Magistrate Judge properly noted, at the summary judgment stage the Court must view the record in a light most favorable to Plaintiff. In the instant action, Plaintiff argues that he filed Step III grievances against these Defendants but the Defendants stole the grievances thereby explaining why there is no record of them. Defendants claim that an affidavit by James Armstrong, which states there were no Step III grievances filed by Plaintiff regarding confinement in administrative segregation and involving these Defendants, evidences the fact that Plaintiff's claim is "contradictory" and unpersuasive. (*See* Dkt. 74, Ex. A, Armstrong Aff. ¶ 16). First, the fact that Plaintiff's argument is contradictory to their own is not surprising, nor reason for granting summary judgment in favor of Defendants. Further, Plaintiff's submission of hundreds of pages of documents relating to grievances he did file tend to show he was familiar with the grievance system and willing to use the process.

To the extent the Magistrate Judge also relied upon grievances filed before and after the pertinent time period against others in different prisons, the Court finds this evidence unpersuasive. However, this finding does not affect the Magistrate Judge's ultimate conclusion. The fact remains that a prisoner may avoid the proper exhaustion requirement by asserting that defendant's misconduct caused him to directly appeal to Step III.[1] *See Jones v. Smith*, 266 F.3d 399, 400 (6th

---

[1] The Court notes Defendants argue that Plaintiff never asserted that "Defendants" stole his grievances but rather the staff at Ionia Maximum Facility, a prison in which the Defendants did not work, stole the grievances. This argument is unpersuasive. Plaintiff does initially state in his Response to Defendants' Motion that the staff at Ionia stole his grievances but then states in the next paragraph on the same page that it was Defendants who did so. (Plf.

Cir. 2001). In the instant case, Plaintiff and Defendants have provided affidavits supporting their contrary positions: that Plaintiff's grievances were stolen by Defendants or Plaintiff never filed the grievances. Viewed in a light most favorable to Plaintiff, a genuine issue of material fact exists on the issue of exhaustion of remedies, and summary judgment is denied.

### b. Deliberate Indifference Claim

Defendant Meagher objects to the Magistrate Judge's finding that he was not entitled to summary judgment against Plaintiff's claim that she was involved a decision to deny Plaintiff participation in the Secure Status Out Patient Mental Health ("SSOP") program. Defendant Meagher argues that the Magistrate Judge erred in finding that her "recollection" that Plaintiff refused to participate in the SSOP program did not indicate her personal involvement in prohibiting from him from participating in the same. (Defs. Mot. Ex. D, Meagher Aff. ¶ 5). Defendant Meagher contends the record is clear that Plaintiff was denied participation in the SSOP by the SSOP Committee because he did not fit the criteria of the program and the transfer order was not signed by either Defendant Birkett or Defendant Meagher. (*See* Defs. Mot. Ex. C, Birkett Aff. ¶¶ 3-5 & att. 1). After review, the Court finds that summary judgment as to Defendant Meagher is warranted. It is clear from the record that the decision to not grant Plaintiff's request to participate in the SSOP program was made by a committee, and the transfer order was not signed by Defendant Meagher. Although Defendant Meagher asserts in her affidavit that Plaintiff refused to participate and Plaintiff asserts this recollection to be untrue, this discrepancy is not material to the present inquiry. As a result it does not create a genuine issue of material fact as to the issue of whether

---

Resp. at 9). Liberally construing Plaintiff's *pro se* response, the Court finds that Plaintiff has alleged Defendants' misconduct resulted in his missing grievances.

Defendant Meagher was personally involved in the decision to deny Plaintiff's enrollment into the program. Therefore, the Court modifies the Report and Recommendation such that the deliberate indifference claim against Defendant Meagher is dismissed.

### 2. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that Defendant Caruso be dismissed from the case because she was not personally involved in the alleged unconstitutional actions. Plaintiff asserts that she was aware of that he was being illegally held in administrative segregation and was being denied medical care and failed to act.

The Court finds no error in the Magistrate Judge's Report and Recommendation. Plaintiff has failed to meet the causation requirements to establish liability of a supervisory official in an § 1983 claim. Indeed, Plaintiff's claims rely on the assumption that Defendant Caruso "was clearly notified" of the alleged unconstitutional actions by Plaintiff's filed grievances. (Plf. Obj. at 2). However, Plaintiff cannot show that Defendant Caruso, the Director of the Michigan Department of Corrections, was ever saw Plaintiff's grievances and further, Plaintiff has still failed to allege anything more than a failure to act. Liability under § 1983 must be based on active unconstitutional behavior and not just a "mere failure to act." *Selahpour v. Univ. of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Therefore, Plaintiff's objection is denied.

Plaintiff also objects to the Magistrate Judge's determination that his retaliation claim against Defendants Kahler, Palmer and McFarland should be dismissed. Plaintiff asserts that paragraph four of his Complaint contains claims of both loss of property and retaliation, and therefore the Magistrate Judge erred in addressing only the retaliation claim. Plaintiff also avers that the Magistrate Judge erred in finding the statute of limitations had run as to the retaliation claim.

The Court finds no error in the Magistrate Judge's determination that the three year statute of limitations has run as to Plaintiff's retaliation claim alleged in paragraph four of his Complaint. (Compl. ¶ 4, date of violation 11/13/97). Plaintiff has set forth no new arguments or facts which convince this Court that an earlier state court decision which did not address any retaliation claims is relevant to this action or acts to toll the statute of limitations as to this claim.

To the extent Plaintiff claims he has alleged a Due Process violation pursuant to § 1983 for loss of property, the Court finds Plaintiff's claim fails. The Court need not decide whether the statute of limitations can be tolled such that Plaintiff may properly bring his claim arising in 1997, for the reason that Plaintiff has failed to show a genuine issue of material fact exists as to this claim. To allege a Due Process violation for loss of property pursuant to § 1983, a plaintiff must show that existing state remedies are inadequate. *Mitchell v. Frankhauser*, 375 F.3d 477, 481-84 (6th Cir. 2004). The Sixth Circuit has stated:

> If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004)**; *see also Mitchell,* 375 F.3d at 481-84 (plaintiff must plead inadequacy of state remedies where alleged due-process violation involved "a random or unauthorized act").**

***Rothhaupt v. Maiden*, 144 Fed. Appx. 465, 472 (6th Cir. 2005) (unpublished). Therefore, Plaintiff "cannot claim a denial of due process without explaining why the existing process is inadequate – he 'must prove the inadequacy of state remedies as an element of [his] constitutional tort.'" *Id*. Here, Plaintiff fails to explain why a state tort remedy for conversion would not suffice to address his claim that his right to due process was violated when his property was seized by a random or unauthorized act. For these reasons, the Court modifies**

the Report and Recommendation such that the Complaint is liberally construed to include this claim, but finds summary judgment on the issue is appropriate.

D.     Motions for Enlargement of Time and Appointment of Counsel

Plaintiff has filed four motions for enlargement of time in which to file Objections to the Report and Recommendations examined *supra*. (Dkt. Nos. 86, 88 & 91). In light of the fact that Plaintiff filed Objections as to both Report and Recommendations (Dkt. Nos. 87 & 93), as well as a Response and a Reply to Defendants' Objections (Dkt. Nos. 89 & 90), the Court finds that these Motions for Enlargement of Time are moot.

Further, Plaintiff also requests the Court appoint him counsel. (Dkt. No. 86). Plaintiff previously requested appointment of counsel (Dkt. No. 65) which was denied by Order of Magistrate Judge Morgan. (*See* Dkt. No. 84). The Court therefore construe's Plaintiff's request as an objection to the Order of Magistrate Judge Morgan. The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's non-dispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

In the instant case, the Court can find no clear err in the Magistrate Judge's order denying Plaintiff the appointment of counsel in this civil case. Further, Plaintiff has not alleged any error or mistake made by the Magistrate Judge but merely asserts that because

of his lack of legal expertise and the fact he is incarcerated he is entitled to the appointment of counsel.  As there is no error in the Order, the Court shall deny Plaintiff's objection to the Order.

III.    CONCLUSION

For these reasons the Court:

(1)     ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 81) and GRANTS Defendant Hutchinson and CMS's Motion for Summary Judgment;

(3)     ADOPTS IN PART AND MODIFIES IN PART the Magistrate Judge's Report and Recommendation (Dkt. No. 82); and

(4)     GRANTS the Defendants' Motion to Sever, and SEVERS Defendants MacEachern, Tretheway, Grim, Napel, MacMeekin, Johns, Hofbauer, Aalto, and Alexander from the action and TRANSFERS Plaintiff's claims against Defendants MacEachern, Tretheway, Grim, Napel, MacMeekin, Johns, Hofbauer, Aalto, and Alexander to the United States District Court of the Western District of Michigan;

(5)     GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment;

(6)     DISMISSES all claims against Defendants Caruso, McFarland, Palmer, and Kahler; and

(6)     DISMISSES the deliberate indifference claim against Defendants Birkett and Meagher;

(7)     DENIES AS MOOT Plaintiff's Motions for Enlargement of Time (Dkt. Nos. 86, 88, 91 & 92); and

(8)     DENIES Plaintiff's Motion for Appointment of Counsel (Dkt. 86); and

(9)     ALLOWS the deliberate indifference claims to proceed against Defendants Burt, Ocweija, Vallie, Cady and Carter; and

(10)    ALLOWS the First Amendment claims to proceed against Defendants Birkett and Meagher.

**SO ORDERED.**


                                   s/Paul D. Borman
                                   PAUL D. BORMAN

                                   UNITED STATES DISTRICT JUDGE


Dated:  March 28, 2008


                        CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S.

Mail on March 28, 2008.


                                   s/Denise Goodine

                                   Case Manager