# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CAMERON LEE FITTS,

       Plaintiff,                                CASE NO. 05-CV-73112

-vs-                                              PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

S.L. BURT, et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR SCHEDULING ORDER

Before the Court is Plaintiff Cameron Lee Fitts' April 14, 2008 Motion for Reconsideration of the Court's denial of Motion for Appointment of Counsel and Motion for Scheduling Order. (Dkt. No. 99).

Plaintiff filed a Motion to Appoint Counsel on May 2, 2007. (Dkt. No. 65). On February 5, 2008, Magistrate Judge Virginia Morgan denied this request. (Dkt. No. 84). On February 8, 2008 Plaintiff filed a Motion to Appoint Counsel and Motion for Extension of Time to File Response to the Report and Recommendation. (Dkt. No. 86). On March 28, 2008, this Court issued an Opinion and Order which: (1) adopted the Magistrate Judge's Report and Recommendation; adopted in part and modified in part the Magistrate Judge's second Report and Recommendation; (3) denied Plaintiff's motion for appointment of counsel; and (4) denied as moot Plaintiff's motions for enlargement of time. (Dkt. No. 95).

As Plaintiff filed a second motion for appointment of counsel after the Magistrate Judge denied his request, the Court construed the second request as an objection to the Magistrate Judge's

order. Plaintiff now objects, contending the Court "improperly construed" his second request for appointment of counsel.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

Plaintiff contends the Court should have construed his second request for appointment of counsel as a new and separate request and not has an objection to the Magistrate Judge's order denying the relief requested. Plaintiff further contends that his circumstances are changed as he has survived summary judgment motions, and due to his lack of expertise and the complexity of the case, he is entitled to appointment of counsel.

After review, the Court finds no "palpable error" in its previous ruling or its interpretation of Plaintiff's second motion for appointment of counsel. Despite Plaintiff's arguments to the contrary, the Court's order was not arbitrary. Appointment of counsel is not a right in a civil case, nor does the Court find it justified in the instant action.

2

Plaintiff also requests the Court enter a scheduling order in the instant action. The Court finds this request to be premature and denies it as such.

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and Motion for Scheduling Order.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 10, 2008.

s/Denise Goodine
Case Manager